IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ORANGE CONSTRUCTION CORPORATION,

        Plaintiff,

v.                                     CIVIL ACTION NO. 2:10-cv-00315

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

        Defendant.

**MEMORANDUM OPINION & ORDER**

        Pending before the court is the defendant Travelers Casualty and Surety Company of America's ("Travelers") Motion to Dismiss Counts II and III of the Complaint Pursuant to Rule 12(b)(6) [Docket 4]. For the reasons explained below, this Motion is **GRANTED**.

**I. Background**

        The plaintiff, Orange Construction Company ("Orange"), filed a complaint against Travelers in the Circuit Court of Kanawha County, West Virginia, on January 13, 2010. Travelers removed the case to this court on March 12, 2010. The facts of the case, as alleged in the Complaint, are as follows.

        Steeb Crawford Construction Company, LLC ("Steeb Crawford") contracted with Orange to provide labor, materials, and supplies for a 2008 construction project, the Jackson's Mill Fire Training Academy ("the project"). Travelers served as the surety, entering into a payment bond guaranteeing payment for labor and materials furnished for the project. West Virginia University is the owner of the project and the obligee of the security bond.

Steeb Crawford has failed to pay Orange $89,929.35 that Orange billed in connection with the project. Orange brings an action against Travelers for breach of contract (Count I); common law "bad faith" (Count II); and unfair trade practices in violation of West Virginia Code section 33-11-4(9) (Count III).

## II. Standard of Review

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." That standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50.

## III. Analysis

Orange's common law bad faith and statutory unfair settlement practices claims against Travelers fail as a matter of law. Despite its arguments to the contrary, Orange is a third-party claimant to the payment bond; thus, Orange is barred from bringing such claims against Travelers.

West Virginia Code section 33-11-4a(j) defines a third-party claimant as "any . . . legal entity asserting a claim against any . . . legal entity insured under an insurance policy or insurance contract for the claim in question." West Virginia Code section 33-1-10(f) includes surety in its list of "Kinds of insurance defined." The West Virginia Supreme Court of Appeals has established that a bad faith settlement action in which an "insured sues his/her own insurer for failing to use good faith in settling a claim brought against the insured or a claim filed by the insured" is a first-party action. *State ex rel. Allstate Ins. Co. v. Gaughan*, 508 S.E.2d 75, 86 (W. Va.1998). In contrast, an action in which a plaintiff sues an insurer based on harms committed by its insured is a third-party action. *See id.*

Orange asserts that Steeb Crawford, the insured, has failed to pay invoices totaling $89,929.35, and now sues Traveler, Steeb Crawford's surety, for this money. With respect to Traveler, Orange stands as a third-party claimant.

Orange's statutory unfair settlement practices claim is barred by West Virginia Code section 33-11-4a(a), which states:

> A third-party claimant may not bring a private cause of action or any other action against any person for an unfair claims settlement practice. A third-party claimant's sole remedy against a person for an unfair claims settlement practice or the bad faith settlement of a claim is the filing of an administrative complaint . . . .

Orange's common law bad faith claim against Travelers also fails. Orange asserts that Travelers "breached its common-law duty of good faith and fair dealing, such that its conduct amounts to 'common-law bad faith.'" (Compl. ¶ 22 [Docket 1, attach. 1].) West Virginia recognizes no such cause of action for third-party claimants. *Elmore v. State Farm Mut. Auto. Ins. Co.*, 504 S.E.2d 893, 903 (W. Va. 1998) (concluding that a third-party claimant has no legally

cognizable cause of action against an insurance carrier "for common law breach of fiduciary duty and for common law breach of the implied covenant of good faith and fair dealing (common law bad faith)"); *see also S. W. Va. Paving, Inc. v. Elmo Greer & Sons, LLC*, 2009 WL 1867678, *3 (S.D. W. Va. 2009) (holding that surety "has an adversarial relationship" with subcontractor, "not a contractual relationship from which a duty of good faith and fair dealing would arise," and that therefore the subcontract "is clearly a third-party claimant and barred from asserting claims for . . . bad faith"); *Gallagher v. Allstate Ins. Co.*, 74 F.Supp.2d 652, 655 (N.D. W. Va. 1999) (same).

## IV. Conclusion

For the reasons explained above, Travelers' Motion to Dismiss Counts II and III of the Complaint Pursuant to Rule 12(b)(6) is **GRANTED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 14, 2010

Joseph R. Goodwin, Chief Judge